United States District Court
District of Massachusetts

| | |
|---|---|
| CrunchTime! Information Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Frischs Restaurants, Inc., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.
23-13195-NMG

MEMORANDUM & ORDER

GORTON, J.

    This diversity suit between a restaurant software developer and a restaurant chain arises from allegations of breach of contract, breach of the implied covenant of good faith and consumer protection violations under M.G.L. c. 93A, §2 made by plaintiff, CrunchTime! Information Systems, Inc. ("plaintiff"). Pending before the Court is the motion of defendant, Frisch Restaurants, Inc. ("defendant") to dismiss part of plaintiff's complaint. For the reasons that follow, the motion to dismiss in part will be allowed.

I. **Background**

    Plaintiff is a Delaware corporation with its principal place of business in Boston, Massachusetts. It purports to provide software to thousands of restaurants in over 100

countries.  Defendant is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  It owns and operates restaurant franchises located primarily in the Midwest.

In 2022, defendant entered into a software licensing agreement ("the Agreement") with plaintiff.  The Agreement obligated plaintiff to provide software for defendant's restaurants in consideration for payment under the software licenses.  According to plaintiff, defendant planned to sell off some of its restaurant franchises in 2023 and wished to stop payment for the software licenses for those restaurants.  Plaintiff alleges that defendant sent a "sham notice of default" to plaintiff, accusing plaintiff of breaching the Agreement and requesting a cure of the breach.  Thereafter, defendant discontinued any contact with plaintiff.

Plaintiff filed suit in this Court in December, 2023, asserting: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing and 3) violation of the Consumer Protection Act under M.G.L. c 93A, §2.  Defendant moved to dismiss the consumer protection claim and, after plaintiff subsequently filed an amended complaint, has again moved to do the same.

## II. Legal Standard

To survive a motion to dismiss, a plaintiff's complaint must contain factual matter sufficient to state a claim for

relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

III. **Application**

Defendant moves to dismiss only Count 3 of plaintiff's amended complaint, the alleged violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §2. Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005) (quoting M.G.L. c. 93A, § 2). Whether an act or practice is unfair or deceptive does not turn on allegations of any "particular act or practice [in violation of] common or statutory law." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009). Instead, Massachusetts courts routinely evaluate Chapter 93A

claims holistically "based on the circumstances of each case." _In re Pharm. Indus. Average Wholesale Price Litig._, 582 F.3d 156, 184 (1st Cir. 2009).

A prerequisite to a Chapter 93A claim is that the conduct alleged must have occurred "primarily and substantially within the [C]ommonwealth [of Massachusetts]" for the claim "to be actionable." _Arthur D. Little, Inc._ v. _Dooyang Corp._, 147 F.3d 57, 52 (1st Cir. 1998) (quoting M.G.L. c. 93A, § 11). Although this determination is "fact specific" and is generally not the appropriate subject for a motion to dismiss, it is nevertheless "a question of law" for the Court. _Whitman & Co., Inc._ v. _Longview Partners (Guernsey) Ltd._, No. 14-CV-12047-ADB, 2015 WL 4467064, at *11 (D. Mass. July 20, 2015) (citing _Arthur D. Little, Inc._, 147 F.3d at 55; _In re Pharm. Indus. Average Wholesale Price Litig._, 582 F.3d 156, 194 (1st Cir. 2009).

In answering this question of law, the Massachusetts Supreme Judicial Court ("SJC") has not articulated what factors to consider but has instead described the application of §11 as a highly "functional inquiry" that is not based on any "precise formula." _Kuwaiti Danish Comput. Co._ v. _Digital Equip. Corp._, 781 N.E.2d 787, 798-99 (Mass. 2003); _see_ _Clinton Hosp. Ass'n_ v. _Corson Grp., Inc._, 907 F.2d 1260, 1266 (1st Cir. 1990) ("[There is no] bright line test to determine when actions or transactions violating [Chapter] 93A occur primarily and

substantially within the Commonwealth."). Whether conduct
occurs "primarily and substantially" within Massachusetts
therefore depends upon "the context" of the claim and "the
center of gravity of the circumstances that give rise to the
claim." Sonoran Scanners, Inc. v. PerkinElmer, Inc., 585 F.3d
535, 546 (1st Cir. 2009) (quoting Kuwaiti Danish Comput. Co.,
781 N.E.2d at 799).

Other sessions of this Court, when conducting this inquiry,
have declined to dismiss a claim under §11 so long as the
complaint "alleges that the plaintiff is located[] and claims an
injury in Massachusetts." Guest-Tek Interactive Entm't, Inc. v.
Pullen, 731 F. Supp. 2d 80, 92 (D. Mass. 2010); Nasuni Corp. v.
ownCloud GmbH, 607 F. Supp. 3d 82, 99 (D. Mass. 2022). A bare
allegation that a party is located in Massachusetts and was
injured here, however, absent "specific factual allegations"
supporting that claim, is insufficient and warrants dismissal.
Evergreen Partnering Grp., Inc. v. Pactiv Corp., No. CIV.A. 11-
10807-RGS, 2014 WL 304070, at *4 (D. Mass. Jan. 28, 2014).

Here, the only allegations in plaintiff's amended complaint
that connect this case to Massachusetts are that 1) defendant
has its principal place of business in Boston, Massachusetts and
2) the parties' agreement is governed by Massachusetts law.
Nothing in the complaint further elaborates on specific facts
having occurred in, or being related to, Massachusetts. To the

- 5 -

contrary, the complaint discusses various conduct that occurred between plaintiff and defendant without reference to place. Although plaintiff's opposition asserts that it was "harmed" in Massachusetts, nothing in the complaint itself states where the injuries occurred, whether at plaintiff's Massachusetts headquarters or elsewhere.

Without more, plaintiff's allegations are insufficient to demonstrate that the claim arose "primarily and substantially" within Massachusetts. See HC&D, LLC v. Precision NDT & Consulting LLC, No. 22-CV-10224-ADB, 2024 WL 4626223, at *7 (D. Mass. Oct. 30, 2024) (dismissing Chapter 93A claim because bare allegations that party is "headquartered in the state" and that the contract "was to be governed by the laws of Massachusetts" was "not enough for the Court to find" that case arose "primarily and substantially" in Massachusetts (citing Sonoran Scanners, 585 F.3d at 546)); Parexel Int'l LLC v. PrisymID Ltd., No. 23-CV-12381-ADB, 2024 WL 3471930, at *7 (D. Mass. July 19, 2024) (same); Shea v. Millett, No. 17-CV-12233-ADB, 2018 WL 2077599, at *4 (D. Mass. May 3, 2018) (same); see also Evergreen Partnering Grp., Inc., 2014 WL 304070, at *4 (dismissing Chapter 93A claim even though complaint generally claimed "injury" in Massachusetts because no "specific factual allegations" elaborated on the place of injury). Plaintiff's claim under Chapter 93A will therefore be dismissed.

Because the absence of allegations that the Chapter 93A claim arose from activities "primarily and substantially" in Massachusetts is sufficient grounds for dismissal, the Court declines to address defendant's argument that the Chapter 93A claim fails on its merits or plaintiff's rejoinder that his Chapter 93A claim is actionable based upon the alleged breach of the covenant of good faith and fair dealing.

### ORDER

For the foregoing reasons, the motion of defendant, Frischs Restaurants, Inc., to dismiss Count 3 of the complaint (Docket No. 29) is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  February 20, 2025